IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEREMY FONTANEZ,

    Petitioner,

v.                                     CIVIL ACTION NO. 1:15cv182
                                       (Judge Keeley)

WARDEN TERRY O'BRIEN,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On October 13, 2015, Petitioner, Jeremy Fontanez, initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.C. § 2241. On November 2, 2015, Petitioner paid the $5 filing fee in lieu of a Motion for Leave to Proceed *in forma pauperis*. This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 2.

### II. PETITION

Petitioner, who is currently incarcerated at USP Hazelton, alleges that staff confiscated his religious items. Specifically, Petitioner alleges that staff confiscated his eagle feathers. Petitioner maintains that eagle feathers are an integral part of the Native American religious practice. It would appear that Petitioner does not have a Bureau of Indian Affairs register number, and therefore, Bureau of Prisons officials refused to allow him to have the eagle feathers. For relief, Petitioner asks that the "Court decide this case in a way that ensures the B.O.P. cannot deprive Petitioner, or anyone else in his position, of his right to possess integral eagle feather for purposes of religious practices." ECF No. 1 at 8.

### III. ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28

U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v.Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). On the other hand, a Bivens action is used to hold federal officers "individually liable for constitutional violations." Starr v. Baca, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. See Bivens, 403 U.S. at 392-94. Further, " [a]lthough ' more limited in some respects,' a Bivens action is the federal analog to an action against state or local officials under § 1983." Id. ( quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)); see Preiser, 411 U.S. at 499 ( "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody." )

In the instant action, Petitioner's claims are not an attack on, nor are they related in any way to, the execution of his sentence. To pursue the claims he raises herein, Petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $400.00 filing fee.[2]

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that this matter be **DISMISSED**

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must file a Bivens action as opposed to one under §1983.

[2] If granted *in forma pauperis* status, the fee would be $350.00, payable in installments pursuant to a designated formula.

**WITHOUT PREJUDICE** to Petitioner's right to file a <u>Bivens</u> action.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985) <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

DATED: November 12, 2015.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE